UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 24-73-DLB

ROBERT EDWARD SNEED                                                            PLAINTIFF

VS.                              **MEMORANDUM ORDER**

LITTLE SANDY CORRECTIONAL COMPLEX, ET AL.                DEFENDANTS

*** *** *** ***

Robert Edward Sneed is an inmate at the Little Sandy Correctional Complex ("LSCC") in Sandy Hook, Kentucky.  Proceeding without a lawyer, Sneed filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. # 7).  Sneed lists the following entities as Defendants:  (1) LSCC; (2) "the property room" at the LSCC; and (3) the Kentucky Department of Corrections ("KDOC").  (*Id.* at 2).  Sneed appears to assert loss of property claims, saying, among other things, that he had over $500 "worth of property come up missing" while he was being held in segregation at the prison.  (*Id.* at 4).  As relief, Sneed is seeking hundreds of thousands of dollars in money damages.  (*Id.* at 6).

The Court has conducted an initial screening of Sneed's complaint pursuant to 28 U.S.C. § 1915A and will dismiss his claims against the named Defendants.  As an initial matter, the LSCC and "the property room" at the prison are simply not suable entities.  *See Bostic v. Tenn. Dep't. of Corr.*, No. 18-cv-562, 2018 WL 3539466, at *7 (M.D. Tenn. July 23, 2018) (explaining that a state correctional complex is a building and not a legal entity that can be sued under § 1983).  Moreover, "as an agency of the Commonwealth

1

of Kentucky, the KDOC is not subject to suit for money damages under § 1983 in federal court." *Bell v. Kenney*, No. 5:20-cv-164-DLB, 2020 WL 2309246, at *2 (E.D. Ky. May 8, 2020) (citations omitted). In fact, the Eleventh Amendment deprives federal district courts of subject matter jurisdiction over a claim for money damages against a state and its agencies. *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005). Thus, the Court will dismiss Sneed's claims against the named Defendants.

Sneed's loss of property claims are also subject to dismissal because such claims are generally not actionable under § 1983. As this Court has explained, "A plaintiff does not allege a viable due process claim based on either the negligent deprivation of personal property . . . or the intentional but unauthorized deprivation of property . . . unless state court remedies are inadequate to address the wrong." *Borell v. Dean*, No. 5:18-cv-525-GFVT, 2018 WL 6182057, at *3 (E.D. Ky. Nov. 27, 2018) (internal citations omitted). Thus, to assert a loss of property claim, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). Here, Sneed has failed to clearly allege that available state remedies are inadequate to redress his claimed property deprivation. In the absence of such allegations, the Court declines to reach that conclusion.

In light of the foregoing analysis, the Court will dismiss Sneed's current claims. That said, the Court's dismissal will be without prejudice to Sneed's right to pursue more fully developed claims against viable Defendants.

Accordingly, the Court **ORDERS** as follows:

(1)  Sneed's operative complaint (Doc. # 7) is **DISMISSED** without prejudice to his right to pursue more fully developed claims against viable Defendants;

(2)   All pending motions are **DENIED** as moot;

(3)   This action is **STRICKEN** from the Court's docket; and

(4)   The Court will enter a corresponding Judgment.

This 20th day of August, 2024.



Signed By:
David L. Bunning  DB
United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Sneed 0-24-073 Memorandum.docx